FILED

08/08/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0352

DA 16-0352

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 195N

DUSTIN J. HILTON,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Phillips, Cause No. DV-2015-24
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Ed Amestoy, Phillips County Attorney, Malta, Montana

Submitted on Briefs:  July 12, 2017

Decided:  August 8, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Dustin J. Hilton (Hilton) appeals the Montana Seventeenth Judicial District Court's Order denying his petition for return of his driver's license. We affirm.

¶3      On October 2, 2015, at about 11:30 p.m., Montana Highway Patrol Trooper Ohl responded to a dispatch of a roll-over just outside Malta, Montana. When he arrived at the scene Trooper Ohl found an abandoned vehicle off the roadway near a curve in the road, which was upright but had obviously been rolled. At about midnight dispatch advised Trooper Ohl that Hilton was the driver of the vehicle and that Hilton was at his friend Tony Anderson's house, about one and one half miles from the accident scene. An officer retrieved Hilton from Anderson's house and returned him to the accident scene. While speaking with Hilton, Trooper Ohl observed that Hilton smelled strongly of alcohol and his eyes were bloodshot and watery. Hilton admitted that he had been drinking but only after the accident, which had occurred two or three hours earlier, and after he had walked to Anderson's house. Trooper Ohl had Hilton perform a number of field sobriety tests which showed signs of impairment. The trooper asked Hilton to take a preliminary alcohol screening test, which he refused. Hilton was arrested and charged

with DUI. Based on his refusal to take a preliminary alcohol screening test, Hilton's driver's license was suspended.

¶4 Hilton filed a petition for the return of his driver's license pursuant to § 61-8-403, MCA, and the District Court held a hearing on Hilton's petition. At the hearing, Hilton challenged whether Trooper Ohl had "reasonable grounds" to believe that Hilton had been driving while under the influence of alcohol. Trooper Ohl was the only testifying witness. Based on the facts and observations testified to by the trooper, which were thoroughly articulated in the District Court's order, the District Court denied Hilton's petition.

¶5 We review a district court's decision on a petition for reinstatement of a driver's license to determine whether the district court's findings of fact were clearly erroneous and its conclusions of law were correct. *Brunette v. State*, 2016 MT 128, ¶ 11, 383 Mont. 458, 372 P.3d 476; *Ditton v. DOJ Motor Vehicle Div.,* 2014 MT 54, ¶ 14, 374 Mont. 122, 319 P.3d 1268. The suspension of a driver's license is presumed to be correct, and the petitioner bears the burden of proving the State's action was improper. *Ditton*, ¶ 14. Furthermore, the district court, as trier of fact, determines witness credibility and the weight to be given evidence. We do not substitute our judgment for that of the district court. *Seyferth v. DOJ, Motor Vehicle Div.*, 277 Mont. 377, 385, 922 P.2d 494, 499 (1996).

¶6 Here, the District Court weighed Hilton's claims against the testimony of Trooper Ohl and concluded that the Trooper's testimony was more credible and provided him with the necessary "reasonable grounds" to believe that Hilton had been driving while

3

under the influence of alcohol. Based on our review of the record and the District Court's findings of fact, we find no error in the District Court's decision.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous, and the conclusions of law are correct.

¶8 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER